**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**(Alexandria Division)**

| | |
|---|---|
| IN RE:   ESTATE OF LARRY W. COOK<br>                Deceased | |
| JANINE SATTERFIELD, Individually and in Her capacity as Administrator for the Estate of Larry W. Cook,<br><br>                    *Plaintiff*,<br><br>v.<br><br>WELLS FARGO & COMPANY, *et al.*,<br><br>                    *Defendants*. | Civil Action No. |

**NOTICE OF REMOVAL PURSUANT TO THE EDGE ACT**

TO:   THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA, ALEXANDRIA DIVISION:

Pursuant to the Edge Act, 12 U.S.C. § 632 *et. seq.*, and principles of federal jurisdiction under 28 U.S.C. §§ 1331, 1441 and 1446, Defendant Navy Federal Credit Union ("Navy Federal"), by counsel, hereby removes this action from the Circuit Court for Fairfax County, Virginia, to the United States District Court for the Eastern District of Virginia, Alexandria Division.

Removal is proper because this Court has federal question jurisdiction over the action pursuant to 12 U.S.C. § 632 and 28 U.S.C. § 1331. Accordingly, Navy Federal removes this action to this Court. In support of its Notice of Removal, Navy Federal states the following:

## I.  BACKGROUND

1.     On November 4, 2022, Plaintiff Janine Satterfield ("Plaintiff"), individually and in her capacity as Administrator for the Estate of Larry W. Cook ("Mr. Cook"), filed a Complaint

against Navy Federal in the Circuit Court for Fairfax County, Virginia, Case No. CL 2022-0015045.  A copy of the state court docket sheet, Plaintiff's Complaint and the exhibits thereto, and other pleadings served on Navy Federal in the Circuit Court are attached as **Exhibit A**.

2.      In the Complaint, Plaintiff contends that Navy Federal "allowed Mr. Cook to wire out approximately seventy-four (74) international wire transfers for a total amount of approximately $3,631,200.00 dollars to individuals maintaining accounts with the Bangkok Bank aka Bank of Bangkok and Standard Chartered" in Thailand, even though Navy Federal allegedly had knowledge of the "very elaborate, and fraudulent, scam" of which Mr. Cook was a part. (Compl. ¶¶ 5, 18).

3.      Plaintiff alleges three causes of action for Assumption of Voluntary Duty (Count I), Breach of the Covenant of Good Faith and Fair Dealing (Count II), and Negligence/Voluntary Assumption of Duty (Count III), all predicated on Navy Federal's alleged misconduct in allowing Mr. Cook to transfer, by international wire, over $3.6 million to bank deposit accounts overseas.

4.      Navy Federal denies the allegations in the Complaint, denies that Plaintiff has stated any claim for which relief may be granted, and denies that Plaintiff has suffered damages in any manner whatsoever.  Nevertheless, assuming for jurisdictional purposes only that Plaintiff's claims are valid, Plaintiff could have filed the Complaint in this Court under federal question jurisdiction because, as explained in more detail below, this action is properly characterized under 12 U.S.C. § 632 and 28 U.S.C. § 1331 as arising under the laws of the United States.

5.      Plaintiff served Navy Federal with a copy of the Summons and Complaint on December 2, 2022.  This Notice of Removal is timely pursuant to 12 U.S.C. § 632 as under the Edge Act, removal may be accomplished at any time before trial.  *See* 12 U.S.C. § 632.

## FEDERAL SUBJECT-MATTER JURISDICTION

6.     The Court has subject-matter jurisdiction, and therefore, removal jurisdiction, over this action under both the Edge Act, 12 U.S.C. § 632, and 28 U.S.C. § 1331.

### A.     The Court Has Subject-Matter Jurisdiction Under the Edge Act

7.     The Edge Act, 12 U.S.C. § 632, creates federal subject-matter jurisdiction over "all suits of a civil nature at common law or in equity to which any corporation organized under the laws of the United States shall be a party," which arise in whole or in part "out of transactions involving international or foreign banking" or "foreign financial operations." The statute provides in relevant part:

> Notwithstanding any other provision of law, all suits of a civil nature at common law or in equity *to which any corporation organized under the laws of the United States shall be a party, arising out of transactions involving international or foreign banking*, or banking in a dependency or insular possession of the United States, *or out of other international or foreign financial operations*, either directly or through the agency, ownership, or control of branches or local institutions in dependencies or insular possessions of the United States or in foreign countries, shall be deemed to arise under the laws of the United States, and *the district courts of the United States shall have original jurisdiction of all such suits; and any defendant in any such suit may, at any time before the trial thereof, remove such suits from a State court into the district court of the United States* for the proper district by following the procedure for the removal of causes otherwise provided by law.

*Id.* (emphasis added).  Thus, the Edge Act permits removal to federal court in the following situation: (1) a civil suit, (2) where one of the parties is a corporation organized under the laws of the United States, and (3) the suit arises out of transactions involving international or foreign banking or other international or foreign financial operations.  *See Gray v. Ben,* CV 22-03090 DSF (PVCx), 2022 U.S. Dist. LEXIS 157813, at *8–9 (C.D. Cal. Aug. 31, 2022) (finding that the case was properly removed under the Edge Act where there was no dispute the action was civil, the defendant was bank organized under the laws of the United States, and the plaintiff alleged that the defendant bank was negligent in allowing an elderly customer to initiate two international wire

transfers to Thailand); *see also Xyrous Communs., LLC v. Bulgarian Telecommuns. Co. AD*, No. 1:09-cv-396, 2009 U.S. Dist. LEXIS 80620, at *6-7 (E.D. Va. Sept. 4, 2009) (court had federal subject matter jurisdiction over garnishment action removed to federal court under the Edge Act relating to a foreign bank account).

8.     The Edge Act's requirements for jurisdiction are satisfied here.  First, there is no question that this is a "suit[] of a civil nature at common law or in equity" within the meaning of the statute.  12 U.S.C. § 632.  Specifically, this is a civil action that involves Virginia state law claims of negligence and breach of duty of good faith and fair dealing, which Plaintiff originally filed in the civil division of the Circuit Court of Fairfax County.

9.     Second, a "corporation organized under the laws of the United States [is] a party" to this case.  12 U.S.C. § 632.  Specifically, Defendant Navy Federal, the entity whose employees are alleged to have engaged in the challenged conduct, is a federally chartered credit union, regulated by the National Credit Union Administration pursuant to the Federal Credit Union Act, 12 U.S.C. § 1751 *et seq*.

10.     Third, this action arises "out of transactions involving international or foreign banking."  12 U.S.C. § 632.  As previously noted, the Complaint alleges that Navy Federal "allowed Mr. Cook to wire out, approximately, seventy-four (74) international wire transfers for a total amount of approximately $3,631,200.00 to individuals maintaining accounts with the Bangkok Bank aka Bank of Bangkok and Standard Chartered" in Thailand, even though Navy Federal allegedly had knowledge of the "very elaborate, and fraudulent, scam" of which Mr. Cook was part. (Compl. ¶¶ 5, 18).  The Complaint further alleges that Navy Federal "failed to reasonably investigate the reason why Mr. Cook was wiring funds…when he had no history of making these types of transactions," and on this basis, Plaintiff contends Navy Federal failed to monitor Mr.

Cook's account and protect him from a known "fraudulent scheme." (Compl. ¶ 36, 38, 39).  The Complaint thus alleges that Navy Federal's acts and omissions in connection with certain "international or foreign banking" transactions resulted in harm to one of its customers.  12 U.S.C. § 632.

11.     The case is factually like *Gray,* 2022 U.S. Dist. LEXIS 157813, at *7-8, which involved allegations of bank negligence with respect to allowing an elderly customer to initiate international wires and transfer funds to bank accounts in Thailand.  In *Gray*, the district court found that the plaintiffs' state law claims of negligence and elder financial abuse were properly removed to federal court pursuant to the Edge Act where the plaintiffs alleged that the defendant banks processed wire transfers from plaintiffs' deposit account to Bangkok Bank, located in Thailand, without inquiring about the purpose of the transfer or using reasonable care to prevent the plaintiffs from suffering harm.  *See id.*  The district court in *Gray* found that removal was proper under the Edge Act, noting that "[f]ederal courts have a strict duty to exercise the jurisdiction conferred on them by Congress" and the "broad grant of jurisdiction" under the Edge Act allows removal of lawsuits at any time before trial.  *Id.* at 9; *see also Ritchie Capital Mgmt. LLC v. JPMorgan Chase & Co.*, No. 14 Civ. 2557 (LGS), 2014 WL 5810629, at *4 (S.D.N.Y. Nov. 10, 2014) (holding that wiring funds "to…JPMorgan bank accounts in London" constituted "international banking" for purposes of Edge Act jurisdiction); *Warter v. Boston Sec., S.A.*, No. 03-81026-CIV/RYSKAMP, 2004 WL 691787, at *8 (S.D. Fla. Mar. 22, 2004) ("Since this action involves the international banking activities of wire transfers,…this Court has jurisdiction pursuant to the Edge Act.").

12.     Because the Edge Act's jurisdictional requirements are satisfied, Plaintiff's claims are "deemed to arise under the laws of the United States," and Navy Federal is entitled to "remove

[the] suit[] from [the] State court into the district court of the United States for the proper district." 12 U.S.C. § 632.

**B.**     **The Court Has Subject-Matter Jurisdiction Under 28 U.S.C. § 1331**

13.     Relatedly, the Court has jurisdiction under 28 U.S.C. § 1331.  Because the Edge Act provides that Plaintiff's claims are "deemed to arise under the laws of the United States," 12 U.S.C. § 632, this case constitutes a "civil action[] arising under the…laws…of the United States" within the meaning of Section 1331.  Accordingly, the Court has federal-question jurisdiction under Section 1331.

### III.  VENUE

14.     Venue is proper in this Court because this district and division encompass the Circuit Court for Fairfax County, Virginia, the forum from which the case has been removed.  *See* 28 U.S.C. § 1441.

### IV.   NOTICE

15.     A Notice of Filing Notice of Removal, a copy of which is attached hereto as **Exhibit B**, will be filed with the Clerk of the Circuit Court for Fairfax County on January 4, 2023.

WHEREFORE, Defendant Navy Federal Credit Union hereby remove this action to this Court.

Dated:  January 3, 2023                    Respectfully submitted,

                                           **NAVY FEDERAL CREDIT UNION**

                                           By: *Mary C. Zinsner*
                                           Mary C. Zinsner (VA Bar No. 31397)
                                           Troutman Pepper Hamilton Sanders LLP
                                           401 9th Street NW, Suite 1000
                                           Washington, DC 20004
                                           Tel: 202-274-1932
                                           Fax: 703-448-6514
                                           mary.zinsner@troutman.com

David M. Gettings (VA Bar No. 80394)
Troutman Pepper Hamilton Sanders LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, VA 23462
Tel: (757) 687-7500
Fax: (757) 687-7510
david.gettings@troutman.com

*Counsel for Navy Federal Credit Union*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was sent via electronic mail on January 3, 2023, and via first-class mail, postage prepaid, on January 4, 2023, to the following:

Kimberley Ann Murphy, Esq.
Lisa M. Campo
HALE BALL CARLSON BAUMGARTNER MURPHY, PLC
10511 Judicial Drive
Fairfax, VA 22030
Tel: (703) 591-4900
Fax: (703) 591-5082
kmurphy@haleball.com
lcampo@haleball.com
*Counsel for Plaintiff*

Heather B. Chaney, Esq.
MCGUIRE WOODS
1750 Tysons Boulevard, Suite 1800
Tysons, VA 22102
Tel: (703) 712-5015
Fax: (703) 712-5236
hchaney@mcguirewoods.com
*Counsel for Wells Fargo & Company*

*/s/ Mary C. Zinsner*
Mary C. Zinsner (VA Bar No. 31397)