**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| JANINE SATTERFIELD, *individually and in her capacity as Administrator for the Estate of Larry W. Cook*, )<br>)<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>WELLS FARGO & COMPANY, *et al.*, )<br>)<br>)<br>Defendants. )<br>) | Civil Action No. 1:23-cv-00009 (CMH/LRV) |

## ORDER

This matter comes before the Court on the parties' Joint Motion to Seal Exhibits Attached to Complaint and Amended Complaint ("Joint Motion to Seal") (Dkt. No. 47), requesting an order permanently sealing Exhibit 6 to Plaintiff's Complaint (Dkt. No. 1-1) and Exhibit 8 to Plaintiff's Amended Complaint (Dkt. No. 17). As explained in the parties' Non-Confidential Memorandum in Support of Joint Motion to Seal (Dkt. No. 49), the parties ask to seal a copy of an APS Report and Investigation of the Fairfax County Adult Protective Services (the "APS Report") that they say was mistakenly attached to the complaint and amended complaint by Plaintiff.

District courts have authority to seal court documents "if the public's right of access is outweighed by competing interests." *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000). Procedurally, a district court may seal court filings if it "(1) provide[s] public notice of the request to seal and allow[s] interested parties a reasonable opportunity to object, (2) consider[s] less drastic

1

alternatives to sealing the documents, and (3) provide[s] specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." *Id.* "These procedures 'must be followed when a district court seals judicial records or documents.'" *Id.* (quoting *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 179-80, 182 (4th Cir. 1988)); *see also* L. Civ. R. 5(C).

The parties have provided the required public notice of their request to seal and no party has objected after having a reasonable period of seven days to do so. (*See* Dkt. Nos. 47-49.) *See* L. Civ. R. 5(C). However, upon consideration of the parties' one-paragraph explanation for why the APS Report should be sealed, the Court is unable to determine that the requirements of *Ashcraft* are satisfied such that it would be appropriate to seal the APS Report in its entirety. Specifically, the parties have not adequately explained why the cited provisions of Virginia law require all of the information contained in the APS Report—which involves a deceased individual and a completed APS investigation—to be shielded from public disclosure, as opposed to redacting only certain portions of the report. *See Ashcraft*, 218 F.3d at 302 (courts must consider less drastic alternatives to sealing); *see also* 22 Va. Admin. Code 30-100-50 (governing disclosures of adult protective services information). Additionally, while the parties seek to seal the entirety of the APS Report, they do not request that any portion of the Complaint or Amended Complaint be redacted despite the fact that both pleadings refer to and quote directly from the APS Report. The parties do not explain why it would be appropriate to seal the APS Report in its entirety when portions of the Complaint and Amended Complaint that refer to and quote from the APS Report would remain publicly available. (*See, e.g.*, Dkt. No. 17 ¶¶ 58-59, 64.) Finally, the Court notes that the parties propose no

mechanism for sealing only the APS Report (which is embedded among hundreds of pages of exhibits in a single docket entry attached to the complaint and amended complaint) while enabling the remainder of the exhibits to remain publicly available. For example, they seem to have made no effort to contact the Clerk's office to replace the publicly available files with redacted ones and then file under seal, as a new document, the unredacted/sealed material for the Court's review. Accordingly, it is hereby

ORDERED that the parties' Joint Motion to Seal (Dkt. No. 47) is **DENIED WITHOUT PREJUDICE** such that the parties may refile, for the Court's consideration, a joint motion to seal that addresses the issues outlined above.

ENTERED this 10th day of May, 2023.

/s/ _LRV_
Lindsey Robinson Vaala
United States Magistrate Judge

_____
Lindsey Robinson Vaala
United States Magistrate Judge

Alexandria, Virginia