IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| IN RE: ESTATE OF LARRY W. COOK<br>    Deceased<br><br>JANINE SATTERFIELD, in her<br>Capacity for the Estate of<br>Larry W. Cook,<br><br>    Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, N.A.,<br>et al.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Civil No. 1:23-cv-00009<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM OPINION**

THIS MATTER comes before the Court on Defendants Wells Fargo Bank, N.A. ("Wells Fargo") and Navy Federal Credit Union's ("Navy Federal") Motions to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

This case arises from a series of events involving international wire transactions where the decedent, Larry W. Cook ("Cook"), transferred funds from his accounts at Navy Federal and Wells Fargo to bank accounts in Thailand. Over a six-month period, Cook processed seventy-four wire transfers from his Navy Federal account and one wire transfer from his

1

Wells Fargo account to accounts with Standard Charters and the Bank of Bangkok, totaling $3,680,700. A majority of the wire transfers' listed purpose was "Loan Repayment."

Plaintiff Janine Satterfield is Cook's niece and the administrator of his estate. Plaintiff filed this action seeking to recover the funds Cook transferred to the bank accounts in Thailand from his Navy Federal and Wells Fargo accounts. Plaintiff alleges that Cook was the victim of a scam dealing with fake calls where the scammers would claim they were calling to address issues with the recipient's Amazon or Apple accounts in order to obtain sensitive personal information. Plaintiff alleges Navy Federal put out a customer alert on December 3, 2020 on "Fake calls from Apple and Amazon support: What you need to know." The Federal Trade Commission also put out a notification warning that scammers were making these types of phone calls.

Plaintiff claims Navy Federal reported Cook to Fairfax Adult Protective Services ("APS") on December 15, 2020 for wires conducted in a manner indicative of possible elder financial exploitation. This report to APS also said Cook was warned numerous times that he was the victim of a scam but he still chose to continue with the wires. Following Navy Federal's report, APS did an investigation into Cook, however, the report states Cook refused to meet with APS. On several occasions APS

2

attempted to speak with Cook and each time he refused to cooperate or provide any information that would have allowed APS to further investigate him. On January 28, 2021, APS sent a letter to Navy Federal stating that the "investigation has been completed, and at this time, Mr. Cook is in need of protective services." The letter also said that "[a]vailable and appropriate services will be offered." APS closed the investigation on February 1, 2021, noting the disposition of the investigation as: "Needs Protective Services – Refused." Cook continued to have Navy Federal wire funds to international accounts throughout the APS investigation and even after the investigation closed. Navy Federal processed the transfers as Cook instructed.

On April 21, 2021, Cook died intestate. On June 14, 2021, Plaintiff qualified as Administrator of Cook's estate and later brought this action on behalf of the estate in the Circuit Court of Fairfax County. Plaintiff's claims against Navy Federal include assumption of voluntary duty, breach of the covenant of good faith and fair dealing, and negligence/voluntary assumption of duty. Plaintiff's claim against Wells Fargo is breach of the covenant of good faith and fair dealing. Defendants subsequently removed the case to this Court.

A motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of a complaint.

3

See Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). A court should dismiss a complaint if the plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A plaintiff's "obligation to provide the grounds of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555 (internal citation omitted). A claim will lack "facial plausibility" unless the plaintiff "plead[s] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009). A complaint must contain sufficient evidentiary facts to raise a plausible—as opposed to a merely conceivable-inference that the Plaintiff is entitled to relief. Twombly, 550 U.S. at 570; Iqbal, 556 U.S. at 680. Plaintiff must allege enough facts "to raise a right to relief above the speculative level[.]" Robinson v. Am. Honda Motor Co., 551 F.3d 218, 222 (4th Cir. 2009) (quoting Twombly, 550 U.S. at 555, 570).

Defendants move to dismiss Plaintiff's Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) on the first ground that Plaintiff's state law claims relating to Cook's wire transactions are preempted and displaced by Article 4A of Virginia's Uniform Commercial Code ("UCC").

4

Article 4A of the UCC applies to wire transfers and has been codified under Virginia Law as Va. Code § 8.4A *et. seq.* See Va. Code § 8.4A-102 (stating the title applies to funds transfers defined in § 8.4A-104); Va. Code § 8.4A-104, cmt. 6 ("[M]ost payments covered by Article 4A are commonly referred to as wire transfers and usually involve some kind of electronic transmission..."). Section 8.4A states that to "resort to principles of law or equity outside of Article 4A is not appropriate to create rights, duties and liabilities inconsistent with those stated in this Article." Va. Code § 8.4A-102, cmt.

Plaintiff argues Navy Federal and Wells Fargo had a duty to protect Cook and prevent his losses by not accepting his payment orders. While a bank can be liable under Section 212 for not accepting a payment order, no provision of Section 8.4A imposes liability on a receiving bank that properly executes a duly authorized wire transfer by the sender. Further, a "bank owes no duty to any party to the funds transfer except as provided in this title or by express agreement." Va. Code § 8.4A-212. The UCC also expressly preempts liability on the part of a bank for conduct that occurs before a bank accepts a payment order. See id. Under Article 4A, "[l]iability based on acceptance arises only when acceptance occurs as stated in § 8.4A-209, and liability is limited to that provided in this title." Va. Code

5

Ann. § 8.4A-212. A receiving bank "does not otherwise have any duty...before acceptance, to take any action, or refrain from taking any action, with respect to the order except as provided in this title or by express agreement." Id.

Plaintiff's claims stem from Navy Federal and Wells Fargo accepting Cook's order to transfer funds to the overseas accounts as the receiving bank. Since Article 4A prohibits liability for wire transfers before a payment order is accepted, Plaintiff's claims attempting to have the Court enforce liability on Defendants for conduct before acceptance of Cook's transfers must fail.

Plaintiff's first claim, assumption of voluntary duty, is not recognized under Virginia law. Plaintiff argues Defendants undertook a voluntary duty to protect Cook by reporting the circumstances surrounding Cook's transfers to APS and then not taking steps to stop sending wires for him. As a general rule under Virginia law, "a person does not have a duty to warn to protect another from the criminal acts of a third person." Commonwealth v. Peterson, 286 Va. 349, 356 (2013)(citations omitted). A duty only arises under these circumstances "when a special relationship exists between a defendant and a plaintiff that gives rise to a right of protection to the plaintiff or between the defendant and third persons that imposes a duty upon the defendant to control the conduct of the third person causing

reasonably foreseeable danger to the plaintiff." <u>Kellermann v. McDonough</u>, 278 Va. 478, 492 (2009)(citations omitted). There are limited situations where a special relationship exists to impose such a duty. These limited situations are ones where an individual has assumed the obligation to take charge over, and control the behavior of, the third party. <u>See Nasser v. Parker</u>, 249 Va. 172, 179-180 (1995). Navy Federal's report to APS concerning Cook's well-being does not meet the special relationship requirement to impose a duty. Thus, there was no assumption of voluntary duty by Navy Federal. There is also no contractual language Plaintiff can point to that created a special relationship with Defendants. The relationship between Cook and Defendants was that of a depositor and depository bank created by the contracts of deposit.

Plaintiff's second claim, breach of the covenant of good faith and fair dealing, alleges Defendants breached the covenant by failing to adequately investigate the suspicious transactions and transfers from Cook. Under Virginia law, "when parties to a contract create valid and binding rights, an implied covenant of good faith and fair dealing is inapplicable to those rights." <u>Ward's Equip. v. New Holland N. Am.</u>, 254 Va. 379, 385 (1997).

Since the parties created valid and binding rights under the contracts of deposit, an implied covenant of good faith and fair dealing is inapplicable. Further, Plaintiff does not

7

identify any contractual provision breached, as is required to survive a motion to dismiss where a valid contract is present. While the parties do have contracts of deposit, Plaintiff's failure to identify a breached provision, means she fails to state a claim.

Plaintiff's third claim, negligence/voluntary assumption of duty, alleges that Navy Federal did not have a contractual obligation to report Cook to APS but by doing so, a special relationship was formed which imposed a duty to act on Navy Federal. Navy Federal's report to APS was given in confidence. Plaintiff does not allege any facts that Navy Federal ever made any kind of representation to Cook or anyone else that it would affirmatively take action to negate criminal conduct of other accountholders or investigate the purpose for wires.

Plaintiff points to the APS report where it states: "The investigation has been completed, and at this time, Mr. Cook is in need of protective services. Available and appropriate services will be offered." The report also states throughout that their investigation was limited due to Cook's lack of cooperation. This is not a sufficient basis to impose a duty not included in the party's contact. Virginia law prohibits the existence of a duty by a bank to its depositor under the circumstances here.

Finally, Plaintiff's tort claims are precluded under the economic loss rule. Under Virginia law's economic loss rule, a plaintiff may not rely on a tort theory to recover losses against a defendant. See Filak v. George, 267 Va. 612, 618 (2004). Here, Plaintiff's claims all stem from obligations due to a contractual deposit agreement between Defendants and Cook. Since the source of Defendants' duties arise out of a contractual duty, and Plaintiff's claim for negligence focuses on conduct arising out of that contractual duty, the claim is founded in contract, not tort.

For the foregoing reasons, the Court finds Defendants' Motions to Dismiss are granted. An appropriate order shall issue.

/s/ Claude M. Hilton
CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
May 15, 2023