IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| IN RE:   ESTATE OF LARRY W. COOK, Deceased | |
| JANINE SATTERFIELD, Individually and in Her capacity as Administrator for the Estate of Larry W. Cook,<br><br>*Plaintiff*,<br><br>v.<br><br>WELLS FARGO & COMPANY, *et al.*,<br><br>*Defendants*. | Civil No. 1:23-cv-00009 CMH/LRV |

### MOTION TO STRIKE AFFIDAVIT OF SEAN C. GRAY

Navy Federal Credit Union ("Navy Federal"), by counsel, moves the Court to strike the Affidavit of Sean C. Gray [ECF 56-1] ("Gray Affidavit") attached to the Memorandum in Support of Plaintiff's Motion to Alter or Amend Judgment [ECF 56].

### INTRODUCTION

In conjunction with Plaintiff's Motion to Alter or Amend Judgment ("Motion"), she attaches an affidavit purportedly from a former Adult Protective Services employee named Sean C. Gray ("Gray"). As Navy Federal demonstrates in its memorandum in opposition to Plaintiff's motion to alter or amend the judgment, which it is filing concurrently with this brief, the Gray Affidavit does not move the needle with respect to Plaintiff's Motion. The Court properly granted Navy Federal's motion to dismiss because the claims were preempted under Article 4A of Virginia's Uniform Commercial Code and Navy Federal did not owe a duty to its customer to

ignore that same customer's explicit instructions to process wire transfers. The Gray Affidavit does not change that conclusion.

Nonetheless, the Court should strike the Gray Affidavit for multiple independent reasons. First, the affidavit has multiple hallmarks suggesting it is not reliable. Indeed, the notary attestation even suggests the affidavit was sworn by someone different than the affiant. Second, the affidavit contains numerous statements that are not based on personal knowledge. The affiant does not even attempt to explain any basis for his supposed personal knowledge. Third, the affidavit is full of impermissible and uncorroborated opinions. In short, under Rule 12(f), a district court may strike any pleading that contains "redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The Gray Affidavit is immaterial, impertinent, and casts inappropriate and unsubstantiated aspersions on Navy Federal. It is the quintessential pleading subject to Rule 12(f).

## ARGUMENT

This Court should strike the Gray Affidavit for three primary reasons.

*First*, the Gray Affidavit is not properly sworn or authenticated. The affidavit is notarized by Sherita Ann Patterson, who appears to be a Notary Public in Texas. Ms. Patterson's notary stamp contains a qualifier that the affidavit is "[n]otarized online using audio-video communication." *See* Aff. of Sean Gray, ECF No. 56-1 at 3. Ms. Patterson states that she certifies "that **Ronald K. Prater** whose name is signed to this Affidavit has personally appeared before me this 12th day of June, 2023, and on **her** oath stated that the information furnished in the above Affidavit is complete and accurate, to the best of **his** knowledge, information, and belief." *Id.* (emphasis added). The Affidavit is not signed by Ronald K. Prater and is instead purportedly signed electronically by Sean Gray. *See id.* Yet, the affidavit does not contain a notarization of the signature of Sean Gray. *See id.* In the same sentence, Ms. Patterson refers to the affiant using

2

the pronouns "her" and "his," which suggests different people of different genders appeared before her. *See id.* Clearly, the face of the affidavit raises significant questions. Plaintiff used a Texas notary to notarize an *electronic* signature for a Virginia resident in a case pending in Virginia, with the affidavit indicating that a different person appeared before the notary to authenticate this electronic signature. All of these flaws render the affidavit unreliable and inadmissible.

*Second,* under Federal Rule of Civil Procedure 56, the affidavit must be based on personal knowledge. Rule 56's requirements are not mere formalities; nor are they confined to summary judgment motions. Instead, they are requirements applicable to all motions. *See* Fed. R. Civ. P. 56(c)(4) (stating "[a]n affidavit or declaration *used to support or oppose a motion* must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.") (emphasis added); *see also Evans v. Technologies Applications & Serv. Co.,* 80 F.3d 954, 962 (4th Cir. 1996) (A proper affidavit "must present evidence in substantially the same form as if the affiant were testifying in court"); Fed. R. Evid. 602 (testimony from a fact witness must be based on personal knowledge). The Gray Affidavit does not contain an averment that it is based on personal knowledge, as Fed. R. Civ. P. 56 requires. In fact, the affidavit contains supposed facts of which Gray could never have personal knowledge. For example, the affidavit suggests that Navy Federal "lacked the desire" to take certain actions with respect to the wire transfers. There is simply no way Gray has sufficient knowledge of Navy Federal or its "desires" to make this statement. The affidavit is nothing more than a smear of Navy Federal.

*Third,* the Gray Affidavit is replete with uncorroborated facts, conclusory beliefs, and opinions. For example, Gray states in paragraph 17 that he "believed [Cook] to be incapacitated." Gray Affidavit at 2. Gray asserts in paragraph 20 that Navy Federal "could have stopped the wires

3

and could have refused the transactions, but did not." *Id.* at 3. In paragraph 21, Gray states that Navy Federal "could have saved Mr. Cook money and ensured that he died with dignity if they had taken the actions I recommended." *Id.* In paragraph 22, he avers that Navy Federal "lacked the desire and refused to put in any basic level of protocols to stop the transaction . . ." *Id.* In paragraph 24 he opines that Navy Federal "could have done more, and did not."

Fourth Circuit law is clear that affidavits cannot contain conclusory statements or opinions. *See Evans*, 80 F.3d at 962 (affidavits cannot be conclusory or contain self-serving opinions); *Saunders v. Sumner*, 366 F. Supp. 217, 219 (W.D. Va. 1973) ("statements in affidavits as to opinions or beliefs are of no effect"). Self-serving opinions with no objective corroboration are to be disregarded. *See Evans*, 80 F.3d at 962.

Gray is not an expert witness; he is a layperson offering facts relating to his supposed interactions with Cook. It is entirely inappropriate for Gray to offer opinions or beliefs about Cook's capacity or what Navy Federal could or should have done under the circumstances. Gray offers his belief that Cook was incapacitated but he is not a medical doctor and does not recite any qualifications he possesses to make this determination. Gray suggests that Cook died without "dignity" but does not explain what he means and offers no corroborating facts explaining the manner or circumstances of how Cook died. Gray asserts that Navy Federal should have instituted "protocols to stop the transaction" but Gray has no experience in banking or the regulatory regime a credit union such as Navy Federal is subject to and has no knowledge of what controls or restrictions a financial institution can or cannot place on a customer's account. Gray also does not seem to understand that a bank customer who has not been adjudicated incapacitated by a court and who does not have a financial conservator appointed for him is free to make whatever financial decisions he chooses to undertake with his own money on deposit. Gray's conclusory opinions

and beliefs as to Cook dying without dignity and what Navy Federal could have done should be stricken.

For all these reasons, the Court should grant the motion to strike the Gray Affidavit.

Dated:   June 26, 2023                                  Respectfully submitted,

**NAVY FEDERAL CREDIT UNION**

By: /s/ Mary C. Zinsner
Mary C. Zinsner, VSB 31397
Troutman Pepper Hamilton Sanders LLP
401 9th Street NW, Suite 1000
Washington, DC 20004
Telephone: 202-274-1932
Facsimile: 703-448-6514
Email: mary.zinsner@troutman.com

David M. Gettings, VSB 80394
Troutman Pepper Hamilton Sanders LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, VA 23462
Telephone: (757) 687-7500
Facsimile: (757) 687-7510
Email: david.gettings@troutman.com

*Counsel for Navy Federal Credit Union*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 26th day of June 2023, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following CM/ECF participants:

Kimberley Ann Murphy, Esq.
Lisa M. Campo
HALE BALL CARLSON BAUMGARTNER MURPHY, PLC
10511 Judicial Drive
Fairfax, VA 22030
Tel: (703) 591-4900
Fax: (703) 591-5082
kmurphy@haleball.com
lcampo@haleball.com
*Counsel for Plaintiff*


Heather B. Chaney, Esq.
MCGUIRE WOODS
1750 Tysons Boulevard, Suite 1800
Tysons, VA 22102
Tel: (703) 712-5015
Fax: (703) 712-5236
hchaney@mcguirewoods.com
*Counsel for Wells Fargo & Company*

*/s/ Mary C. Zinsner*
Mary C. Zinsner (VA Bar No. 31397)