IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| IN RE: ESTATE OF LARRY W. COOK, Deceased _____ JANINE SATTERFIELD, Individually and in Her Capacity as Administrator for the Estate of Larry W. Cook,<br><br>Plaintiff,<br><br>v.<br><br>WELLS FARGO & COMPANY, *et al.*,<br><br>Defendants.<br>_____ | Case No. 1:23 – cv-000009 CMH/LRV |

**AFFIDAVIT OF SEAN C. GRAY**

I, Sean C. Gray, state the following under oath:

1. My name is Sean C. Gray, and I am a resident of the Commonwealth of Virginia.

2. I am over the age of 18 and competent to testify in a court of law.

3. I am a former employee of Fairfax County Adult Protective Services.

4. I am a licensed social worker, and have been working in that capacity since 2009.

5. I heard about this case and saw a broadcast on NBC4 news, and I have come forward with information.

6. I am familiar with Larry Cook ("Mr. Cook").

7. I spoke to Mr. Cook while he was alive.

8. I was a social worker assigned to Mr. Cook's case after Navy Federal Credit Union ("NFCU") reported Mr. Cook.

9. In or around December 2021, I went to Mr. Cook's home to try to speak with him. He refused to open the door.

10. Mr. Cook's home looked unmaintained.

11. I did, however, get to speak with him. Mr. Cook cursed me out on the phone call, after I attempted to explain to him that he was the victim of financial exploitation.

12. Mr. Cook did not believe me, and told me so.

13. However, Mr. Cook did not seem to know reality. He was not able to tell me what the transfers were for. He was not able to tell me who the people were that he was wiring.

14. It seemed to me that he was not capable of understanding what was going on.

15. I then made a referral to the Federal Bureau of Investigation due to the large amount of money transferred to international accounts.

16. I spoke with NFCU and tried to explain to them that there was a capacity issue with Mr. Cook.

17. I told NFCU that I believed him to be incapacitated.

18. I attempted to have NFCU sit down and meet with Mr. Cook in person. That meeting would have provided a better catalyst for APS to go to court and get a conservator appointed for Mr. Cook. I recall that I explained to NFCU that they needed to make Mr. Cook come into a branch to actually meet him and then if there were concerns with his capacity, they could contact APS and make a referral with their evidence.

19. In spite of my conversations with NFCU, they refused to do as was being asked, knowing that there was concern that Mr. Cook was incapacitated and the victim of financial exploitation.

20. NFCU could have stopped the wires and could have refused the transactions, but they did not.

21. NFCU could have saved Mr. Cook money and ensured that he died with dignity if they had taken the actions I recommended.

22. NFCU, in spite of reporting the incident, they lacked the desire and refused to put in any basic level of protocols to stop the transactions, even though they knew and were on notice that Mr. Cook was the victim of financial exploitation.

23. NFCU could have done more, and did not.

*Sean C Gray*
_____
SEAN C. GRAY

**STATE OF** Texas :
**CITY/COUNTY OF** Tarrant , to-wit:

I, Jonathan Gutheinz , a Notary Public of and for the jurisdiction stated, do certify that Sean C. Gray whose name is signed to this Affidavit, has personally appeared before me this 10th day of July, 2023, and on his oath stated that the information furnished in the above Affidavit is complete and accurate, to the best of his knowledge, information, and belief. The Affiant is personally known to me or was made known to me by the presentation of valid government identification.

_____
Notary Public

My commission expires: 04/22/2024 .
Registration number: 132447066 .

NOTARY PUBLIC
STATE OF TEXAS

Jonathan Gutheinz
ID NUMBER
132447066
COMMISSION EXPIRES
April 22, 2024

Notarized online using audio-video communication